IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## STATE OF TENNESSEE v. DONALD EUGENE FOWLKES

**Appeal from the Circuit Court for Madison County**
**No. 97-687     Donald H. Allen, Judge**

_____

**No. W2005-02530-CCA-R3-CD  - Filed June 28, 2006**

_____

The Defendant, Donald Eugene Fowlkes, appeals from the order of the trial court revoking his probation and ordering that his eight-year sentence be served in the Department of Correction. On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and ordering that his sentence be served in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and J.C. MCLIN, J., joined.

Gregory D. Gookin and Kandi Kelley, Assistant Public Defenders, Jackson, Tennessee, for the appellant, Donald E. Fowlkes.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Rolf Hazlehurst, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In April of 1998, the Defendant, Donald Eugene Fowlkes, pleaded guilty to and was convicted of one count of possession of more than .5 grams of cocaine with intent to sell. Pursuant to his plea agreement, the Defendant was sentenced to a term of eight years, to be served on probation. In addition to the standard conditions of probation, he was ordered to pay at least seventy-five dollars per month toward his fine and costs and was ordered to submit to monthly drug screens. The judgment specifically allowed his probation supervision to be transferred to another state. The Defendant's probation supervision was transferred to the state of Ohio. By order entered October 4, 2001, at the request of the Defendant's supervising officer in Ohio, the requirement for monthly drug screens was removed because the Defendant had remained drug-free.

On August 24, 2005, a probation violation report was filed by a Tennessee probation officer. The violation report alleged that the Defendant had been indicted in Ohio for three counts of insurance fraud and two counts of theft. The report also alleged that the Defendant had absconded his supervision in Ohio and moved his residence without permission. It also alleged that the Defendant had failed to pay court costs and fines in accordance with the terms of his probation. Also on August 24, 2005, a probation violation warrant was issued based upon the charges set forth in the probation violation report. Counsel was appointed to represent the Defendant, and a probation revocation hearing was conducted on October 24, 2005.

At the beginning of the probation violation hearing, the Defendant, through counsel, admitted that he was guilty of violating his probation. Concerning the new criminal charges of insurance fraud and theft, the Defendant admitted that he had been indicted but did not admit that he was guilty of the offenses. He admitted that he absconded from his supervision. He stated that he was given permission to go from Ohio to Alabama to visit his father, who was sick, but admitted that he did not return to Ohio as he had been instructed to do. He admitted that he had failed to pay his court costs and fines as ordered; however, he stated that he had family members present at the revocation hearing who were prepared to pay his fine and costs.

In response to questions from the court, the Defendant stated that he did not go back to Ohio because he needed to stay in Alabama and take care of his elderly father. He stated that he left messages with his Ohio probation officer advising him that he was not going to return, but he was never able to actually talk to the officer on the telephone. Although the Defendant had been ordered to pay seventy-five dollars per month toward his fine and court costs, he admitted that in the approximately seven years he had been on probation, he had paid only two hundred and twenty-five dollars. He owed over two thousand dollars. The Defendant stated that his former wife was supposed to have been paying the monthly payment on his costs and fine. At another point, the Defendant stated that it was his understanding that he could pay the entire amount at the time that he completed his probation.

In response to the court's question concerning how the Defendant came to be arrested on the probation violation warrant, the Defendant explained that he was stopped for speeding in Alabama and when the officers ran a check on his driver's license, the Tennessee and Ohio charges were discovered.

At the conclusion of the hearing, the trial court stated:
[I]t appears to the court that you simply absconded from probation and left the state without permission and also picked up new felony charges. Based upon that and also the failure to pay court costs and fines, the court finds that you willfully violated your probation. His probation will be revoked. He'll be ordered to serve the eight-year sentence in the Tennessee Department of Corrections.

The trial court subsequently entered an order finding that the Defendant had violated the terms and conditions of his probation and ordering the Defendant to serve his sentence in the Department of Correction. It is from this order that the Defendant appeals.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. See Shaffer, 45 S.W.3d at 554. For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id.

On appeal, the Defendant argues that the trial court abused its discretion in revoking his probation. He points out that he complied with the terms of his probation for seven years and four months of his eight-year sentence. It is apparent from the record that the primary reason the trial court found the Defendant to be in violation was because he absconded from the supervision of the Ohio authorities. The Defendant's explanation was that he needed to remain in Alabama to take care of his ailing father. The trial court obviously found this excuse for absconding to be inadequate. We will not disturb that finding.

Based upon our review of the entire record, we conclude that there is substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred. The record reflects that the trial judge made a conscientious decision. We are unable to conclude that the trial court erred or abused its discretion by revoking the Defendant's probation and ordering that his sentence be served in the Department of Correction.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE